UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

PATRICIA D. LOWE,

    Plaintiff,

v.                                      Case No. 3:21cv1046-MCR-HTC

STATE OF FLORIDA,
ESCAMBIA COUNTY,
ESCAMBIA COUNTY SHERIFFS DEPARTMENT,
DEPARTMENT OF CORRECTIONS,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Patricia D. Lowe, a pretrial detainee at the Escambia County Jail, proceeding *pro se*, initiated this action by filing a civil rights complaint under 42 U.S.C. § 1983, challenging her pretrial detention for an alleged violation of probation and seeking "immediate release on ROR." ECF Doc. 1. The matter was referred to the undersigned Magistrate Judge for preliminary screening pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(C). Upon consideration, the undersigned recommends this case be dismissed for Plaintiff's failure to prosecute or follow orders of the Court. Moreover, it appears Plaintiff has been released and, thus, her request for release is MOOT.

**I.     DISCUSSION**

Plaintiff filed her complaint on or about September 20, 2021.  ECF Doc. 1.  The complaint, however, was not accompanied by the filing fee or a motion to proceed *in forma pauperis*.  On September 29, 2021, the Court gave Plaintiff an opportunity to cure this deficiency and advised Plaintiff her failure to do so may result in a recommendation of dismissal.  ECF Doc. 3.  Plaintiff did not cure her deficiency within the time provided and, thus, on October 26, 2021, the Court gave Plaintiff an additional fourteen (14) days to comply or show cause why her case should not be dismissed.  ECF Doc. 4.  Plaintiff also disregarded that order.

On November 1, 2021, the clerk received the Court's September 29 order as undeliverable.  ECF Doc. 5.  Despite Plaintiff's failure to notify the Court of her change in address, as she is required to do, the clerk forwarded the Court's orders to the forwarding address provided by the Jail.  ECF Doc. 5.  The clerk further extended the deadline for Plaintiff to comply with the Court's orders to November 15, 2021.  Plaintiff, however, has filed nothing with the Court.  Thus, despite filing this case almost two (2) months ago, Plaintiff has still not paid the filing fee or sought indigency status.

Therefore, dismissal without prejudice is appropriate for Plaintiff's failure to comply with the Court's orders and failure to prosecute.  *See* Fed. R. Civ. P. 41(b); *see also Coleman v. St. Lucie Cnty. Jail,* 433 F. App'x 716, 718 (11th Cir. 2011);

*Sanders v. Barrett*, 2005 WL 2640979, at *1 (11th Cir. Oct. 17, 2005) (citing *Kilgo v. Ricks*, 983 F.2d 189, 192 (11th Cir. 1993)); *Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (district court's "power to dismiss is an inherent aspect of its authority to enforce its orders and ensure prompt disposition of lawsuits." (quoting *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983)).

Dismissal is also appropriate for Plaintiff's failure to update the Court with her current address. *See Gilbert v. Daniels*, 725 F. App'x 789, 792 (11th Cir. 2018) (affirming District Court dismissal of case "[b]ecause Gilbert failed to update the court of his address change or his detention, and that failure led to Gilbert's lack of compliance with the order to amend his complaint."); *McDowell v. Ham*, No. 5:09CV31/MCR/MD, 2010 WL 1417723, at *2 (N.D. Fla. Mar. 3, 2010), *report and recommendation adopted*, 2010 WL 1417720 (N.D. Fla. Apr. 7, 2010) (dismissing case because, through the Notice to Pro Se Litigant, "Plaintiff has been on notice of his duty to advise the court of any change in his mailing address, as well as his duty to apprise opposing counsel virtually since the commencement of his case").

Finally, dismissal is appropriate because Plaintiff's request for relief is MOOT. Escambia County Jail online records and the online docket for Plaintiff's criminal case show that Plaintiff has been released from confinement.[1] Article III,

---

[1] Plaintiff's criminal case is available by executing a search at the following URL: http://public.escambiaclerk.com/BMWebLatest/Home.aspx/Search, and her Escambia County Jail online records are available at: http://inmatelookup.myescambia.com/smartwebclient/jail.aspx.

Case No. 3:21cv1046-MCR-HTC

§ 2 of the United States Constitution requires the existence of a case or controversy throughout all stages of federal judicial proceedings.  This means that, throughout the litigation, the prisoner "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be addressed by a favorable judicial decision."  *Lewis v. Continental Bank Corp.*, 494 U.S. 472,477 (1990); *Fla. Ass'n of Rehab. Facilities, Inc. v. Fla. Dep't of Health & Rehabilitative Serv.*, 225 F.3d 1208, 1217 (11th Cir.2000) ("A case is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief.").  If an event occurs subsequent to the filing of a lawsuit, which deprives a court of the ability to provide meaningful relief, the case becomes moot and is subject to dismissal.  *De La Teja v. U.S.*, 321 F.3d 1357, 1362 (11th Cir. 2003).

Plaintiff was convicted in *State v. Lowe*, 2020 MM 002007 (Escambia County Circuit Court) and received 12 months' probation on February 17, 2021.  However, on July 12, 2021, a request for a warrant was filed by Probation officer Carrie J. Meredith, and, pursuant to that warrant, Plaintiff was arrested by Deputy Donald Griffin on July 25, 2021 for a violation of probation and detained at the Escambia County Jail until September 28, 2021, when she pled nolo contendere to her Violation of Probation and was sentenced to time served and released.  *Id.*  Therefore, she is no longer in custody and her case is moot.  *See Wood v. Mack*, 2015 WL 7354053, at *2 (S.D. Ala. Oct. 16, 2015), *report and recommendation adopted*,

2015 WL 7300551 (S.D. Ala. Nov. 18, 2015) (holding, in case where pretrial detainee sought immediate release from detention, "this action has been rendered moot as a result of Wood's release from pretrial detention.").

## II.  CONCLUSION

A "district court can only dismiss an action on its own motion as long as the procedure employed is fair." *Tazoe v. Airbus S.A.S.*, 631 F.3d 1321, 1336 (11th Cir. 2011) (quoting *Carroll v. Fort James Corp.*, 470 F.3d 1171, 1177 (5th Cir. 2006)). To employ fair procedure, a district court must generally "provide the plaintiff with notice of its intent to dismiss or an opportunity to respond." *Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1069 (11th Cir. 2007). A magistrate judge's report and recommendation provides such notice and opportunity to respond. *See Shivers v. Int'l Bhd. of Elec. Workers Local Union 349*, 262 F. App'x 121, 125, 127 (11th Cir. 2008); *Anderson v. Dunbar Armored, Inc.*, 678 F. Supp. 2d 1280, 1296 (N.D. Ga. 2009) (noting that report and recommendation served as notice that claims would be sua sponte dismissed).

Accordingly, it is respectfully RECOMMENDED:

That this case be DISMISSED WITHOUT PREJUDICE for failure to prosecute, failure to comply with Court orders, failure to keep the Court apprised of her address and as MOOT.

Case No. 3:21cv1046-MCR-HTC

At Pensacola, Florida, this 19th day of November, 2021.

*/s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed **within fourteen (14) days** of the date of the Report and Recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.